Bunay v One City Block, LLC
2026 NY Slip Op 04036
June 25, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Darwin S. Bunay, Appellant,
v
One City Block, LLC, et al., Respondents.
Elite Interior Contracting Corporation, Third-Party Plaintiff-Respondent.
v
EDCC Services Corp., Third-Party Defendant-Respondent.

Decided and Entered: June 25, 2026
Index No. 152975/19 , 595684/21|Appeal No. 6959|Case No. 2025-03730|
Before: Webber, J.P., Kennedy, Gesmer, Pitt-Burke, Chan, JJ.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for One City Block LLC and Taconic Management Company LLC, respondents.
Kahana Feld LLP, New York (Marina A. Barci of counsel), for Elite Interior Contracting Corporation, respondent.

[*1]
Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about March 18, 2025, which denied plaintiff's motion for partial summary judgment on the Labor Law §§ 240(1) and 241(6) claims, and granted defendant Elite Interior Contracting Corporation's motion for summary judgment dismissing the common-law negligence and Labor Law §§ 200 and 241(6) claims as against it, unanimously affirmed, without costs.
Plaintiff failed to make a prima facie showing entitling him to partial summary judgment on the Labor Law § 240(1) claim. In support of his motion, plaintiff submitted his deposition transcript. Plaintiff testified that he was injured when a piece of ductwork he was in the process of cutting for removal fell onto the ladder on which he stood, causing the ladder to move and plaintiff to fall. However, plaintiff also submitted the testimony of his foreman in which he stated that he instructed plaintiff to use a scissor lift and not a ladder to remove the ductwork. Accordingly, plaintiff's motion raised a triable issue of fact as to whether plaintiff was a recalcitrant worker and the sole proximate cause of his accident (see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39 [2004]).
Plaintiff also failed to establish a prima facie showing entitling him to partial summary judgment on his Labor Law § 241(6) claim, and the court properly granted Elite's motion for summary judgment dismissing that claim. Regarding his contention that defendants violated Industrial Code (12 NYCRR) § 23-1.21(b)(1), plaintiff presented no evidence that the ladder was incapable of supporting four times the maximum load or that the ladder was defective (see Lopez v La Fonda Boricua, Inc., 136 AD3d 588, 588-589 [1st Dept 2016]). Nor was there any evidence that the ladder was unable to sustain plaintiff's weight or that it was not in good condition (see Campos v 68 E. 86th St. Owners Corp., 117 AD3d 593, 594 [1st Dept 2014]). As we stated in Lopez, Industrial Code § 23-1.21(e)(2) is not sufficiently specific to support a Labor Law § 241(6) claim (Lopez, 136 AD3d at 589). In any event, plaintiff presented no evidence that the ladder was not fully opened or that the spreader was unlocked in violation of that provision. With respect to Industrial Code § 23-1.21(e)(3), plaintiff testified that he inspected the ladder and found no defects (see Croussett v Chen, 102 AD3d 448, 448 [1st Dept 2013]). Plaintiff also did not establish that he was standing 10 feet off the ground or that a violation of section 23-1.21(e)(3) was a proximate cause of his accident (see Enderlin v Hebert Indus. Insulation, 224 AD2d 1020, 1021 [4th Dept 1996]).
[*2]
The court properly granted Elite's motion for summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims as against it. Plaintiff's accident arose out of his use of a ladder and thus "falls into the means-and-methods category of Labor Law § 200 cases, in which liability depends on the exercise of supervision and control over the work" (Guevara-Ayala v Trump Palace/Parc LLC, 205 AD3d 450, 451 [1st Dept 2022]). Elite's principal testified that he provided only general instructions to plaintiff's foreman and did not direct him on how the work was to be performed. Accordingly, plaintiff failed to show that Elite had more than "site safety or general supervisory authority," which is insufficient to impose Labor Law § 200 and common-law negligence liability (Torres-Quito v 1711 LLC, 227 AD3d 113, 119 [1st Dept 2024]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 25, 2026